IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                            **Case No. 05-40020-01-RDR**

FLOYD R. ADAMS,

        Defendant.

_____

**O R D E R**

This order is issued to record the rulings of the court upon the issues presented during the sentencing hearing conducted on October 14, 2005.

Defendant was sentenced following his plea to one count of possession with intent to distribute marijuana. As part of the factual basis for defendant's plea of guilty, defendant agreed that during the investigation of this case 101 green marijuana plants and 303 grams of processed marijuana were removed from his home.

Objections to the presentence report

Defendant made three objections to the presentence report. To summarize, defendant's objections, as listed in the presentence report, were: 1) defendant should not be credited with more than 100 plants because 8 or 9 of the plants were dead; 2) defendant's role in a prior offense described in paragraph 37 was "quite small;" and 3) several reasons existed

for a variance below the guideline range.

To the extent that these arguments were designed to reduce the guideline range in this case or to justify a downward departure from the guideline range under traditional pre-<u>Booker</u> guideline analysis, the court rejected them for the following reasons. First, as acknowledged by defense counsel, the law of the Tenth Circuit does not distinguish between live and dead marijuana plants. <u>U.S. v. Silvers</u>, 84 F.3d 1317, 1325 (10th Cir. 1996). Second, the offense described in paragraph 37 of the presentence report had no impact upon the guideline range in this case. Finally, the factors mentioned in defendant's third objection were matters the court may take into consideration in sentencing, but they were not factors which the court believed were so significant that they justify a downward departure under traditional guidelines analysis.

<u>Sentencing result</u>

The court considered the guideline range in this case (24 to 30 months) and the sentencing factors listed in 18 U.S.C. § 3553. The court decided to sentence defendant to a term of 10 months, one month to be served in prison and the remaining nine months to be served in home detention, with a three-year term of supervised release. The court believed this was an appropriate sentence for the following reasons.

In considering the seriousness of the offense, the court noted that if defendant had two fewer plants, the guideline range would have been 10 to 16 months.  In other words, a two percent reduction in the number of plants would produce almost a 60% reduction in the bottom of the guideline range.  In addition, this was a non-violent offense, and there is no evidence that defendant was part of a large distribution conspiracy.  Some or most of the marijuana was intended for personal use.  Furthermore, defendant has suffered a significant monetary loss from the confiscation of property to pay the state drug tax.  Hence, the court found that a 10-month sentence was commensurate to the seriousness of the offense.  It also was a proper sentence to avoid an unwarranted disparity in punishment when compared to a guidelines sentence for a person with similar criminal history found guilty of possessing only a few less marijuana plants.

In considering deterrence, the court noted that defendant had not spent a substantial amount of time in prison in his life.  He had a criminal history category of I.  He is 53 years old.  These factors led the court to find that a 10-month sentence would have a deterrent effect upon this defendant and upon other persons growing marijuana.  Defendant has abstained from drug and alcohol abuse while on pretrial release.  This

further supports the court's finding. The three-year term of supervised release will also assist in deterrence.

The public is not significantly threatened by defendant. On the contrary, if defendant were incarcerated for a substantial period of time, it would be detrimental to persons with special needs that defendant has helped for several years. Defendant's aid to these persons over the years is part of defendant's history and characteristics which the court has considered under § 3553. The court does not believe a longer sentence is required to protect the public from defendant.

In sum, the court considered all of the factors mentioned in § 3553 and also considered the Sentencing Guidelines. The court found that a sentence of 10 months with one month of imprisonment and nine months of home detention was an appropriate sentence in this case.

A copy of this order shall accompany any copy of the presentence report transmitted to the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2005 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge